# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOHN MOGLIA, | ) Case No. 4:20-cv-1359 |
| | ) |
| Petitioner, | ) JUDGE SOLOMON OLIVER, JR. |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) THOMAS M. PARKER |
| MARK WILLIAMS, Warden, | ) |
| | ) |
| Respondent. | ) **REPORT AND** |
| | ) **RECOMMENDATION**[1] |

Respondent, Warden Mark Williams, has moved to dismiss or, in the alternative, for summary judgment on petitioner John Moglia's 28 U.S.C. § 2241 petition for writ of habeas corpus. ECF Doc. 5. Moglia asserts that he was denied credit for all time served. The warden, through extra pleading evidence, has demonstrated that Moglia failed to exhaust his administrative remedies. I recommend that: (1) Warden Williams's motion be treated as a motion for summary judgment; (2) Warden Williams's motion for summary judgement be granted; and (3) Moglia's petition be DENIED WITHOUT PREJUDICE so that he can exhaust administrative remedies.

---

[1] This matter is before me by order of the District Court, pursuant to Local Rule 72.2, for preparation of a report and recommendation. ECF Doc. 2.

I.   **Procedural History**

Moglia is a federal prisoner serving a 240-month sentence imposed on August 24, 2015 by the Eastern District of New York after he pleaded guilty to conspiracy to commit Hobbs Act robbery.  CM/ECF for U.S. Dist. Ct. for E.D.N.Y., No. 2:12-cr-735, Doc. 85.[2]

On June 22, 2020, Moglia – then incarcerated at Federal Correctional Institution ("FCI") Elkton – filed in this court a petition for writ of habeas corpus under § 2241 challenging the Federal Bureau of Prison's ("BOP") computation of credit for time served.  ECF Doc. 1.  He requests that the Court "adjust" his sentence under U.S.S.G. § 5G1.3(b) to account for time he served on a New York state sentence.  ECF Doc. 1 at 1.  He contends that credit for the New York sentence is warranted because the sentence had not been discharged at the time his federal sentence was imposed and his New York state offense formed the basis for his federal offense of conviction.  ECF Doc. 1 at 1-2.  Moglia asserts that he exhausted his administrative remedies because he filed a request with Warden Williams on April 13, 2020 to receive credit for the New York sentence and never received a response.  ECF Doc. 1 at 1.

Moglia attached to his petition:

(1) a "Sentence Monitoring Computation Data" form with information on his federal sentence (date of the offense, sentence, and commitment, and sentence imposed) (ECF Doc. 1-2);

(2) a February 11, 2014 notice from the New York Department of Corrections and Community Supervision informing Moglia that his December 3, 2012 application for temporary release was cancelled because he was "in another program" (ECF Doc. 1-3);

(3) an August 1, 2016 Administrative Remedy form documenting an informal resolution attempt by Moglia indicating that he never received credit for "state time" referenced in his presentence investigation report and requesting credit (ECF Doc. 1-4);

---

[2] "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quotation marks omitted).

(4) an August 2, 2016 response informing Moglia that (i) he received credit time for time spent in custody from May 30, 2014 through August 18, 2015, (ii) all his prior time in custody was credited towards his state sentence, and (iii) he could appeal the decision to the Warden by filing an "Administrative Remedy Form BP-22"(ECF Doc. 1-5); and

(6) an April 13, 2020 "Request for Administrative Remedy" authored by Moglia requesting credit for time served in his state case (ECF Doc. 1-6).

On September 9, 2020, Warden Williams filed an opposition to Moglia's petition and moved to dismiss under Fed. R. Civ. P. 12(b)(1), (b)(6) and 28 U.S.C. § 1915(e) or, alternatively, for summary judgment under to Fed. R. Civ. P. 56. ECF Doc. 5. Warden Williams attached to his motion various supporting exhibits – discussed in detail below. ECF Doc. 5-1; ECF Doc. 5-2. Warden Williams's motion indicates that the opposition, motions, and accompanying brief in support were mailed to Moglia at FCI Elkton, P.O. Box 10, Lisbon, OH 44432 – Moglia's address of record at the time. ECF Doc. 1 at 4; Dkt. Entry dated 6/25/2020; Dkt. Entry dated 8/10/2020; ECF Doc. 5 at 20.

On January 12, 2021, the court received a letter from Moglia asking about the status of his case because he had not heard anything at his current address – FCI Fort Dix, P.O. Box 2000, Joint Base MDL, NJ 08640-5433.[3] That same day, the clerk mailed Moglia a copy of the docket to his new address. To date, Moglia has not filed a response to Warden Williams's motion or otherwise taken action in this case.[4]

---

[3] Moglia's transfer to another jurisdiction after he filed his petition does not deprive the Court of jurisdiction over the case. *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004); *Ex parte Endo*, 323 U.S. 283, 306 (1944).

[4] Presumably, Moglia received notice of Warden Williams's pending motion – whether via Warden Williams's service of the motion or by the clerk's mailing of the docket. *See Rosenthal v. Walker*, 111 U.S. 185, 193 (1884) ("The rule is well settled that if a letter properly directed is proved to have been either put into the post office or delivered to the postman, it is presumed, from the known course of business in the post office department, that it reached its destination at the regular time, and was received by the person to whom it was addressed."). This isn't Moglia's first encounter with alternative motions to dismiss and for summary judgment. In a previous § 2241 habeas proceeding, Moglia was advised of dismissal and summary judgment procedures under Fed. R. Civ. P. 12 and 56 and the consequences of not

**II.      Facts**[5]

    **A.      State and Federal Criminal Proceedings**

On September 9, 2010, Moglia was arrested in Suffolk County, New York, for attempted burglary. ECF Doc. 5-2 at 1. On December 22, 2011, Moglia was released on bond. *Id.* On March 14, 2012, the bond was revoked and Moglia taken back into state custody. *Id.*

Moglia pleaded guilty to the attempted burglary charge and, on March 14, 2012, was sentenced in Suffolk Cty. Ct., No. 2620-2010, to a three-and-a-half-year prison term followed by five years' supervised release. ECF Doc. 5-2 at 1, 10. He was committed to the New York Department of Corrections on March 20, 2012, which credited him 1 year, 3 months, and 20 days of jail-time credit. ECF Doc. 5-2 at 2, 12. That computation included time spent in jail from September 10, 2010 to December 22, 2011 and March 14, 2012 to March 19, 2012. ECF Doc. 5-2 at 2, 8, 12. Moglia's state prison sentence was set to expire – at the latest – on May 29, 2014. ECF Doc. 5-2 at 2, 12.

On November 20, 2012, a federal grand jury in the Eastern District of New York issued an indictment charging Moglia with conspiracy to commit Hobbs Act robbery, attempted Hobbs Act robbery, use of a firearm during a crime of violence, and causing the death of another with a firearm while using a firearm during a crime of violence. ECF Doc. 5-2 at 2, 14-20. On December 20, 2012, Moglia was taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum*. ECF Doc. 5-2 at 2, 24, 28.

On August 19, 2015, Moglia pleaded guilty to and was convicted of conspiracy to commit Hobbs Act robbery, his remaining charges were dismissed, and he was sentenced to a

---

responding. CM/ECF for U.S. Dist. Ct. for N.D. Ohio, No. 4:18-cv-2912, Doc. 13. For purposes of this Report and Recommendation, I will therefore consider Warden Williams's motion unopposed.

[5] The following facts are undisputed and/or established by Rule 56 evidence.

240-month prison term followed by a 3-year supervised-release term. ECF Doc. 5-2 at 2, 31-33. The court further ordered that Moglia's 240-month sentence was to be served "consecutively with the defendant's State Court conviction." ECF Doc. 5-2 at 2, 32.

On August 26, 2015, Moglia was returned to New York state custody. ECF Doc. 5-2 at 2, 27. On September 10, 2015, Moglia was released from state custody and transferred to federal custody. ECF Doc. 5-2 at 3, 38. Moglia was designated to FCI Elkton on November 6, 2018. ECF Doc. 5-1 at 2, 6. According to Sentry – a BOP computerized database designed to track information about federal prisoners, including administrative remedy requests – Moglia has never filed an administrative remedy request concerning his the BOP's alleged failure to credit against his federal sentence time spent in state custody before filing the instant § 2241 petition. ECF Doc. 5-1 at 1, 8-14.

B. **Declaration of Bryan Erickson**

In a supporting sworn declaration, Bryan Erickson – a BOP specialist in sentence computations – stated that he had reviewed Moglia's sentence computation. ECF Doc. 5-2 at 1. Moglia's sentence was computed from the date it commenced (i.e., no earlier than the date it was imposed), pursuant to 18 U.S.C. § 3585(a) and Program Statement 5880.28, BOP Sentence Computation Manual (CCCA 1984). ECF Doc. 5-2 at 3. The time spent in federal custody under a writ of habeas corpus could not – in of itself – be considered under BOP policy for purposes of presentence credit. *Id.* And BOP policy and 18 U.S.C. § 3585(b) precluded the application of credit for time spent in service of another sentence, such that Moglia was not entitled to presentence credit for the time he spent in New York state custody from September 9, 2010 through December 22, 2011 and from March 14, 2012 through May 29, 2014. *Id.*

Erickson continued that the BOP prepared a sentence computation for Moglia based on his 240-month federal prison sentence commencing on April 19, 2015. *Id.* Moglia received credit for time spent in custody that was not awarded to any other sentence: the 445 days between satisfaction of his state sentence on May 30, 2014 and the beginning of his federal sentence on August 18, 2015. ECF Doc. 5-2 at 3-4. Although Moglia's sentence was ordered to be served consecutive to his New York sentence, that was not possible because Moglia completed his New York sentence before the Eastern District of New York imposed his federal sentence. ECF Doc. 5-2 at 4.

Erickson attached to his declaration an April 7, 2020 Sentry report of Moglia's sentence computation, excerpts of BOP Policy Statement 5880.28, and an e-mail exchange between the New York coordinator of sentencing review and Erickson. ECF Doc. 5-2 at 5, 41-56.

## III. Parties' Arguments

In his motion, Warden Williams argues that the court lacks jurisdiction over Moglia's § 2241 petition because he has failed to exhaust administrative remedies.[6] ECF Doc. 5 at 9, 11-13. Specifically, Moglia has not submitted a formal Request for Administrative Remedy concerning his current allegations. ECF Doc. 5 at 11. Even accepting Moglia's assertion that he filed a Request for Administrative Remedy on April 13, 2020 as true, Warden Williams argues

---

[6] Although Warden Williams frames his failure-to-exhaust challenge as a jurisdictional one, exhaustion of administrative remedies is not a jurisdictional prerequisite to § 2241 relief. *Childress v. Coakley*, No. 4:14-cv-00690, 2015 U.S. Dist. LEXIS 109597, at *11 (N.D. Ohio July 16, 2015); *Rizo v. Pugh*, No. 4:12cv1798, 2013 U.S. Dist. LEXIS 25997, at *7 (N.D. Ohio Feb. 26, 2013); *see also Santiago-Lugo v. Warden*, 785 F.3d 467, 474 (11th Cir. 2015).("The fact that [Congress] did not limit courts' subject matter jurisdiction to decide unexhausted § 2241 claims compels the conclusion that compels the conclusion that any failure … to exhaust administrative remedies is not a jurisdictional defect."); *Walker v. Stanley*, 216 F. App'x 803, 804 (10th Cir. 2007) ("[T]he exhaustion requirement [for issues raised in a § 2241 petition] is non-jurisdictional."). Rather, exhaustion is an affirmative defense that can be forfeited or excused. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th 2013); *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999).

that it would have been untimely to appeal the August 2, 2016 denial of his initial request.  ECF Doc. 5 at 11-12.  And, Warden Williams contends, Moglia cannot show cause for his failure to exhaust administrative remedies.  ECF Doc. 5 at 12-13.

Alternatively, Warden Williams argues that the BOP properly computed Moglia's sentence, largely reiterating Erickson's sworn statements.  ECF Doc. 5 at 13-17.  Warden Williams also asserts that U.S.S.G. § 5G1.3 does not apply to Moglia's sentence because his state sentence was discharged by the time his federal sentence was imposed.  ECF Doc. 5 at 17-18.

### IV. Construction of the Warden's Motion

#### A. Law

A defendant may seek dismissal of claims raised against him under Fed. R. Civ. P. 12(b) on several grounds, including lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(1), (b)(6).  The Prison Litigation Reform Act likewise requires dismissal of a prisoner's civil action if it is frivolous or fails to state a claim for relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  However, if the moving party relies on matters outside the pleadings, the motion must be treated as a motion for summary judgment under Fed. R. Civ. P. 56.  Fed. R. Civ. P. 12(d).

Before converting a motion to dismiss into a motion for summary judgment, the court ordinarily must give the non-moving party reasonable notice of the conversion and a reasonable opportunity to respond with evidentiary material.  Fed. R. Civ. P. 12(d); *Northern Ky. Right to Life Comm. v. Kentucky. Registry of Election Fin.*, 134 F.3d 371 (Table), 1998 U.S. App. LEXIS 495, at *20 (6th Cir. Jan. 7, 1998) (unpublished). "Whether notice of conversion is required or not depends on the facts and circumstances of each case." *Dayco Corp. v. Goodyear Tire &*

*Rubber Co.*, 523 F.2d 389, 393 (6th Cir. 1975). The relevant question is whether the parties likely would be surprised by the conversion. *Id.*

B.  Analysis

Although Warden Williams moves both under Rule 12(b)/28 U.S.C. § 1915(e) and Rule 56 in the alternative, he relies on matters outside the pleadings to support his arguments for dismissal and summary judgment. *See generally* ECF Doc. 5. Because his motion relies on matters outside the pleadings, I recommend that the Court treat Warden Williams's motion as a motion for summary judgment under Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d); *see also Allen v. Braithwaite*, No. 2:18-cv-02778, 2020 U.S. Dist. LEXIS 123097, at *8 (W.D. Tenn. July 14, 2020) (treating administrative exhaustion argument as brought under Rule 56 because the moving party relied on matters outside the pleadings and both parties had a reasonable opportunity to respond and would not be surprised by the conversion).

Further, neither party would be prejudiced by converting Warden Williams's motion to a motion for summary judgment – such that additional notice before ruling on the motion is not required – because, first, Warden Williams expressly moved for summary judgment as an alternative form of relief. *Dayco Corp.*, 523 F.2d at 393; ECF Doc. 5 at 1, 11-19. Moglia likewise has reasonable notice of the conversion. Specifically: (1) he was served with copies of Warden Williams's motion seeking summary judgment as an alternative basis for relief and the Court's docket reminding him of Warden Williams's pending motion; and (2) he was advised in a previous § 2241 proceeding of the conversion of Rule 12(b) motions into Rule 56 motions when matters outside the pleadings were considered, Rule 56 procedures, and the consequences for not responding. ECF Doc. 1-2; ECF Doc. 1-3; ECF Doc. 1-4; ECF Doc. 1-5; ECF Doc. 1-6; ECF Doc. 5 at 20; CM/ECF for U.S. Dist. Ct. for N.D. Ohio, No. 4:18-cv-2912, Doc. 13. Moglia

8

has had nine months since being served with Warden Williams's motion and five months since being served with the docket, but he has taken no action to respond to the warden's motion. In light of these facts, I am conclude that both parties are on notice of the potential for conversion and have received a reasonable opportunity to present evidence, making additional notice of conversion unnecessary at this juncture. *See Dayco Corp.*, 523 F.2d at 393.

V.     Law and Analysis

    A.     **Summary Judgment Standard**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a); *Maben v. Thelen*, 887 F.3d 252, 258 (6th Cir. 2018). The moving party must demonstrate "the basis for its motion, and identify[] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotation marks omitted). The non-moving party may not simply rely on his pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation omitted); *see also Betkerur v. Aultman Hospital Ass'n*, 78 F.3d 1079, 1087 (6th Cir. 1996) (The court does not have the responsibility to search the record *sua sponte* for genuine issues of fact). In evaluating the evidence presented on a summary judgment motion, courts must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255. Nevertheless, a court need not accept unsupported or conclusory statements as true. *See Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009) ("Conclusory statements unadorned

with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment.").

      B.      **Exhaustion**

           1.      **Law**

A federal prisoner may seek judicial review of the BOP's calculation of credit for time served through a 28 U.S.C. § 2241 petition for writ of habeas corpus. *Woody v. Marberry*, 178 F. App'x 468, 471 (6th Cir. 2006). But the petitioner must first exhaust administrative remedies. *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). Because a failure to exhaust administrative remedies is non-jurisdictional, it can be excused upon a showing of cause and prejudice, *Engle v. United States*, 26 F. App'x 394, 396 (6th Cir. 2001), or when the prisoner can show that pursuing administrative remedies would be futile. *Fazzini*, 473 F.3d at 236. A court may also proceed directly to the merits in the interest of judicial economy. *Rizo*, No. 4:12cv1798, 2013 U.S. Dist. LEXIS 25997, at *8; *Callier v. Shartle*, No. 1:10 CV 524, 2010 U.S. Dist. LEXIS 94590, at *5 (N.D. Ohio Sept. 10, 2010).

The administrative remedies provided by the BOP are set forth in 28 C.F.R. § 542.10 *et seq. See Robinson v. Young*, 20 F. App'x 476, 477 (6th Cir. 2001); *Williamson v. Beeler*, 208 F.3d 216 (Table), 2000 U.S. App. LEXIS 4026, at*3 (6th Cir. Mar. 9, 2000) (unpublished). A prisoner must first present his issue of concern informally to staff through the informal resolution process established by the warden. 28 C.F.R. § 542.13(a). After 20 days, if the issue is not resolved through informal resolution, the prisoner must submit a BP-9 form Administrative Remedy Request. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the warden's response to his BP-9 request, the inmate may file a BP-10 Appeal form with the regional director within 20 days after receiving the warden's response. 28 C.F.R. § 542.15(a). The inmate may

further appeal the regional director's response through a BP-11 Appeal form to the Office of the General Counsel within 30 days of the regional director's response. *Id.* "The administrative remedy process is not considered 'exhausted' until an inmate's final appeal is denied by the [BOP] General Counsel." *Blumling v. United States*, No. 4:19cv2587, 2020 U.S. Dist. LEXIS 133248, at *21 (N.D. Ohio July 28, 2020).

### 2. Analysis

I recommend first that the Court grant summary judgment in favor of Warden Williams and dismiss Moglia's § 2241 petition as unexhausted. To exhaust administrative remedies, Moglia was required to follow the four-tier process outlined in 28 C.F.R. §§ 524.13-524.15. He completed the first tier by filing his August 1, 2016 Administrative Remedy for informal resolution of his request for time-served credit. *See* 28 C.F.R. § 524.13; ECF Doc. 1-4. Moglia's request was denied on August 2, 2016, and he was informed of his right to appeal to the Warden. ECF Doc. 1-5. But there's no indication that he submitted an appeal to the warden within 20 days of that decision. *See* 28 C.F.R. § 524.14(a); ECF Doc. 5-2 at 8-14. Rather, nearly four years later Moglia prepared on April 13, 2020 a form Request for Administrative Remedy to Warden Williams that – according to Sentry – Moglia never actually submitted. *See* ECF Doc. 1-6; ECF Doc. 5-2 at 2, 8-14. Although Moglia indicates in his petition that Warden Williams never responded to his April 13, 2020 request, that did not excuse Moglia from continuing with the administrative exhaustion process. ECF Doc. 1 at 1. The BOP regulations instruct an inmate to deem a Warden's failure to respond within 20 days "a denial at that level." 28 C.F.R. § 542.18. Moglia's failure to raise the issue of time-served credit for his New York sentence through all stages of the administrative review process establishes that he has not

exhausted administrative remedies. *See Blumling v. United States*, No. 4:19cv2587, 2020 U.S. Dist. LEXIS 133248, at *21.

Moglia has not attempted to show, much less established, cause to excuse his failure to exhaust administrative remedies because he has not alleged that an external factor has prevented him from exhausting his claims. *See Engle*, 26 F. App'x at 396; *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (stating that cause to excuse procedural default turns on whether an objective factor external to the petitioner prevented him from raising his claims). Further, on this record, it does not appear that dismissal for Moglia to exhaust administrative remedies would be futile. *See Fazzini*, 473 F.3d at 236. The Attorney General – through the BOP – has the authority to determine what jail-time credit a federal prisoner is due. 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 333 (1992). And although any request for administrative relief would undoubtedly be denied as untimely, the BOP regulations provide inmates with a procedure by which they may resubmit their requests to cure "correctable" defects. 28 C.F.R. § 542.17(b). For example, inmates can demonstrate "valid reasons" for any delay in submitting their requests for administrative relief at the appeal stages. 28 C.F.R. § 542.15(a).

Because Moglia has failed to exhaust administrative remedies, and it would not be futile to require him to do so now, I recommend that the Court grant summary judgment in favor of Warden Williams and dismiss Moglia's § 2241 petition without prejudice so that he may exhaust administrative remedies.

C.  **Merits**

1.  **BOP's Calculation of Jail-Time Credit**

Even if the Court were to proceed directly to the merits of Moglia's § 2241 petition, I would still recommend that the Court grant summary judgment in favor of Warden Williams and deny Moglia's § 2241 petition.

a.  **Law and Analysis**

It is the responsibility of the BOP to calculate any sentence credits to which a federal defendant may be entitled for pre-sentence time spent in official custody. *Wilson*, 503 U.S. at 334-35. A defendant is due credit for any time for any time spent in official detention prior the date the sentence commences – that hasn't already been credited against another sentence – as a result of: (1) the offense for which the sentence was imposed; or (2) another charge after the commission of the offense for which the sentence was imposed. 18 U.S.C. § 3585(b). Moglia was due credit for any time spent in federal custody before his federal sentence commenced on August 19, 2015. 18 U.S.C. § 3585(a); ECF Doc. 5-2 at 31; *see also Johnson v. Shartle*, No. 4:12 CV2164, 2013 U.S. Dist. LEXIS 75963, at *7 (N.D. Ohio May 30, 2013) ("A federal sentence cannot commence … before the date on which it is imposed.") (citing *Coloma v. Holder*, 445 F.3d 1282, 1283-84 (11th Cir. 2006)). The evidence establishes that Moglia was exclusively in state custody from the moment of his arrest on September 9, 2010 through December 22, 2011, and again from March 14, 2012 through December 20, 2012. ECF Doc. 5-2 at 1-2, 4; *Johnson*, No. 4:12 CV2164, 2013 U.S. Dist. LEXIS 75963, at *7 ("It is well-settled that primary custodial jurisdiction remains vested in the sovereign that first arrests the defendant until that sovereign relinquishes its priority over the defendant.") (citations omitted). No credit would have been due for time spent in custody during those periods because Moglia was not in

13

federal custody. 18 U.S.C. § 3585(a); *Johnson*, No. 4:12 CV2164, 2013 U.S. Dist. LEXIS 75963, at *7.

From December 20, 2012 through August 26, 2015, Moglia was taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum*. ECF Doc. 5-2 at 2, 27-29. Even though Moglia was arrested pursuant to that writ, no credit was due for time spent in federal custody from December 20, 2012 through May 29, 2014, because that period was counted towards Moglia's consecutive state sentence, which expired on May 29, 2014. 18 U.S.C. § 3585(b); ECF Doc. 5-2 at 2, 4, 12, 39. That period of incarceration could not again be counted towards his federal sentence. *Wilson*, 503 U.S. at 337 ("Congress made clear [through 18 U.S.C. § 3585(b)] that a defendant could not receive a double credit for his detention time."). All that remained to be considered was the time Moglia spent in federal custody from May 30, 2014 through August 19, 2015, time that *was* credited towards his federal sentence. ECF Doc. 5-2 at 3-4, 31, 56. Thus, the record establishes that the BOP correctly determined the amount of jail-time credit Moglia was due, if any, on his federal sentence for the time he spent in custody while serving his state sentence.

### 2. U.S.S.G. § 5G1.3

Moglia's request that this Court alter his federal sentence to be concurrent to his state sentence and adjust his federal sentence under U.S.S.G. § 5G1.3 is not something we can consider under § 2241 given the facts Moglia has alleged. ECF Doc. 1 at 1-2. Moglia's requests do not challenge the manner in which his sentence is being carried out, but the propriety of the sentence imposed by the Eastern District of New York. *Apotosky v. Hanson*, No. 4:15-cv-02491, 2017 U.S. Dist. LEXIS 35582, at *10 (N.D. Ohio Feb. 10, 2017); *Southard v. Shartle*, No. 4:10-CV-0738, 2010 U.S. Dist. LEXIS 104799, at *5-6 (N.D. Ohio Oct. 1, 2010). Such arguments

14

must ordinarily be raised in a 28 U.S.C. § 2255 petition filed in the district court in which he was sentenced – the Eastern District of New York. *Garrett v. Snyder*, 41 F. App'x 756, 758 (6th Cir. 2002).

Moglia's challenges to his sentence could have proceeded under § 2241, if he could establish that proceeding under § 2255 would be "inadequate or ineffective to test the legality of his detention" or if he presented a claim of actual innocence. 28 U.S.C. § 2255(e); *Southard*, No. 4:10-CV-0738, 2010 U.S. Dist. LEXIS 104799, at *7 (citing *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999)). But Moglia has not attempted to make any such showing. *See generally* ECF Doc. 1. And the liberal construction afforded to Moglia's *pro se* filings "does not require a court to conjure [arguments] on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Therefore, Moglia could not establish that he is entitled to § 2241 relief on his request to have his sentence adjusted through § 2255's safety-valve provision. *Id.*

## VI. Conclusion

Because Warden Williams's motion relies on matters outside the pleading, I recommend that the motion be construed as a Fed. R. Civ. P. 56 motion for summary judgment. I further recommend that Warden Williams's motion for summary judgment be GRANTED because Moglia has failed to fully exhaust his administrative remedies and that Moglia's § 2241 habeas corpus petition be DENIED WITHOUT PREJUDICE.

If, in an objection to this Report and Recommendation, Moglia can establish that he was never served with Warden Williams's motion, the Court may wish to refer the case back to me for a supplemental Report and Recommendation. Toward that end, this Report and Recommendation shall serve as notice that the Court may rule upon Warden Williams's motion as a motion for summary judgment. *Barr v. HSS, Inc.*, No. 17-cv-12820, 2018 U.S. Dist. LEXIS

123562, at *10 (E.D. Mich. May 10, 2018); *Fitts v. Burt*, No. 05-73112, 2008 U.S. Dist. LEXIS 122070, at *18 (E.D. Mich. Jan. 24, 2008).

Moglia is further reminded of the summary judgment procedures. *United States v. Ninety-Three Firearms*, 330 F.3d 414, 427 (6th Cir. 2003) ("The majority of circuits have held that a pro se litigant is entitled to notice of the consequences of a summary judgment motion and the requirements of the summary judgment."); *see also Davis v. Davis*, No. 14-5247, 2015 U.S. App. LEXIS 23243, at *6 (6th Cir. Mar. 25, 2015) (unreported). When a party moves for summary judgment, he is asserting that there is no genuine dispute as to any material fact and that judgment should be granted as a matter of law. Fed. R. Civ. P 56(a). Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 322 (quoting Fed. R. Civ. P. 56(c)). In response, the non-moving party must provide an explanation of his version of the facts and legal arguments why summary judgment should not be granted against him. He cannot rest on allegations or a denial of the moving party's version of the facts. *Anderson*, 477 U.S. at 248. Instead, the non-moving party must support his version of all disputed facts with evidence, such as: (1) depositions; (2) documents; (3) electronically stored information; (4) affidavits or declarations; (5) stipulations; (6) admissions; (7) interrogatory answers; or (8) any other material. Fed. R. Civ. P. 56(c)(1)(A). If relying on affidavits or declaration, they must be made "on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The non-moving party can also object to the evidence submitted by the moving party as inadmissible. Fed. R. Civ. P. 56(c)(2).

If the non-movant fails to properly support an assertion of fact or fails to properly address the moving party's assertion of fact, the Court may consider the fact undisputed for purposes of summary judgment.  Fed. R. Civ. P. 56(e)(2).  If facts are unavailable to the non-movant to support his position, he must submit an affidavit or declaration explaining that he cannot presents the facts essential to justify his opposition and the reasons why not.  Fed. R. Civ. P. 56(d).  In that case, the Court may defer consideration of the motion, deny the motion, allow the non-movant time to obtain evidence, or take other appropriate action.  Fed. R. Civ. P. 56(d)(1)-(3).

Dated: June 21, 2021

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).