UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN MOGLIA, *Pro Se*, | Case No.: 4:20 CV 1359 |
| Petitioner | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| MARK WILLIAMS, Warden, | |
| Respondent | ORDER |

Currently pending before the court in the above-captioned case is Respondent Warden Mark Williams's ("Respondent" or "Warden Williams") Motion to Dismiss or in the alternative Motion for Summary Judgment ("Motion") (ECF No. 5) on *pro se* Petitioner John Moglia's ("Petitioner" or "Moglia") 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1). Under Local Rule 72.2, the court referred the matter to the Magistrate Judge for a Report and Recommendation ("R & R"). For the following reasons, the court adopts the R & R (ECF No. 6) that the Motion for Summary Judgment be granted and the Petition be denied without prejudice so that Moglia can exhaust his administrative remedies.

On June 22, 2020, Moglia filed the Petition in this court challenging the Federal Bureau of Prison's ("BOP") computation of credit for time served. Moglia asserts that he should receive credit for time he served on a New York state sentence because the New York state offense formed the basis for his federal offense of conviction and the state sentence had not yet been discharged at the

time of his conviction in federal court. (*See* ECF No. 1.) After a prior unsuccessful attempt to obtain an informal resolution in August 2016, (*see* ECF No. 1-4; ECF No. 1-5), Moglia asserts that he submitted a formal request for administrative relief to the Warden of his facility on April 13, 2020, but he never received a response (ECF No. 1-6).

On September 9, 2020, Respondent filed an Opposition to the Petition and moved for dismissal under Federal Rule of Civil Procedure 12(b)(1), (b)(6), and 28 U.S.C. § 1915(e) or, alternatively, for summary judgment under Federal Rule of Civil Procedure 56. (ECF No. 5.) The Motion's chief argument asserts that Moglia failed to exhaust his administrative remedies and that this failure is fatal to the Petition. Although Respondent mailed the relevant documents to Moglia at the prison address he provided, Moglia sent a letter to the court on January 12, 2021, claiming that he had not received any news regarding his case and requesting a status update. The Clerk's office responded by mailing a copy of the docket to Moglia's address that same day. But Moglia has not responded to the Motion or otherwise participated in these proceedings in the months since.

On June 21, 2021, Magistrate Judge Thomas Parker ("Magistrate Judge" or "Judge Parker") submitted the R & R recommending that the court grant Respondent's Motion and deny the Petition without prejudice. As an initial matter, the R & R explains that it construes the Motion as one for summary judgment because Respondent relies on materials outside the pleadings. (R & R at PageID #114, ECF No. 6.) This approach is appropriate, the R & R concludes, because the parties had sufficient notice and opportunity to respond and, therefore, will not be prejudiced. (*Id.* at PageID #114–15.) Turning to the merits, the R & R points out that petitioners are entitled to seek judicial review of the BOP's calculation of time served credit, but only after satisfying the four-step process for exhaustion articulated in 28 C.F.R. § 542.10 *et seq.* (R & R at PageID #116–17, ECF

No. 6.) Applying that framework, the R & R explains:

> [Moglia] completed the first tier by filing his August 1, 2016 Administrative Remedy for informal resolution of his request for time-served credit. Moglia's request was denied on August 2, 2016, and he was informed of his right to appeal to the Warden. But there's no indication that he submitted an appeal to the warden within 20 days of that decision[, as required by 28 C.F.R. § 542.14(a)]. Rather, nearly four years later Moglia prepared on April 13, 2020 a form Request for Administrative Remedy to Warden Williams that—according to [the BOP's sentence computation specialist]—Moglia never actually submitted. Although Moglia indicates in his petition that Warden Williams never responded to his April 13, 2020 request, that did not excuse Moglia from continuing with the administrative exhaustion process. The BOP regulations instruct an inmate to deem a Warden's failure to respond within 20 days "a denial at that level." Moglia's failure to raise the issue of time-served credit for his New York sentence through all stages of the administrative review process establishes that he has not exhausted administrative remedies

(*Id.* at PageID #117–18 (citations omitted).) Nevertheless, the R & R concludes that allowing Moglia to try the administrative process again would not be futile because "BOP regulations provide inmates with a procedure by which they may resubmit their requests to cure 'correctable' defects." (*Id.* (quoting 28 C.F.R. § 542.17(b)).) Consequently, the R & R recommends granting summary judgment for Respondent and denying Moglia's Petition without prejudice so that he may exhaust his administrative remedies through the BOP.

Neither party filed objections to the R & R, so this matter is ripe for review.

After careful *de novo* review of the R & R and all other relevant documents in the record, the court finds that Judge Parker's recommendations are fully supported by the record and controlling case law. Accordingly, the court adopts the R & R and grants Respondent's Motion.[1] The court

---

[1] In Part V.C, the R & R further explains that the Magistrate Judge would recommend granting summary judgment in favor of Respondent on the merits, too, if the court were to reach them. But because Moglia's failure to exhaust is dispositive, the court

-3-

hereby grants summary judgment for Respondent and denies Moglia's Petition without prejudice. Under 28 U.S.C. § 1915(a)(3), the court also certifies that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

    IT IS SO ORDERED.

                                        */s/ SOLOMON OLIVER, JR.*
                                        UNITED STATES DISTRICT JUDGE

July 8, 2021

---

    need not go that far. Therefore, the court declines to adopt Part V.C of the R & R and declines to express any position on the merits of Moglia's Petition.